IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS, | CV 24-28-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| JKL ASSOCIATES, LUKE HOLMES, | |
| Defendants. | |

Plaintiff Alexandre Zdenek Davis ("Davis"), a *pro se* prisoner currently incarcerated in the Nevada Southern Detention Center in Pahrump, Nevada, has filed this civil complaint. *See* Comp. (Doc. 1.) Davis's filing is hand-written, and he did not utilize the Court's approved form. At the time of filing his civil complaint, Davis was incarcerated at the Missoula County Detention Center. (*Id.* at 1.)

Davis has filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), along with a copy his trust fund account statement. (Docs. 9 & 9-1.) The Court finds Davis has made a sufficient showing to proceed IFP. The motion will be granted.

Davis alleges that he began working for Defendants in April of 2020 and

1

resigned from his position in August of 2020. Davis explains that because he was new to the job, he had to use his own personal truck as a work vehicle. (*Id.* at 2-3.) He states that Defendant Holmes sexually assaulted him on several occasions during his period of employment, including in Afton, Wyoming, and an unidentified location in Idaho. (*Id.* at 3.) Davis asserts that when he resigned from his position, he and Defendant Holmes had a "gentleman's agreement" that Holmes would not speak badly about him in relation to future employment or law enforcement. (*Id.* at 2.) Davis believes Holmes violated this agreement in 2023 when he informed a United States Probation Officer preparing his Presentence Investigation Report in conjunction with Davis's criminal case, *US v. Davis*, Cause No. CR-22-106-BLG-DLC, that Davis was a "thief" and made unauthorized purchases using a company credit card. (*Id.* at 2.)

Although the exact nature of his claims is unclear, Davis seems to allege wrongful discharge, sexual assault, and slander. He seeks a declaration from this Court that JKL acted in violation of the "gentleman's agreement." (*Id.* at 4.) He also seeks compensatory damages, purportedly for lost wages, along with compensation for the use of his personal vehicle. (*Id.*) He also seeks punitive damages in an unspecified amount and requests a jury trial. (*Id.*) It appears Davis alleges the matter is properly before this Court based upon diversity jurisdiction. He asserts federal jurisdiction is proper "because actions alleged in the complaint

2

took place across the 9th [Circuit] district and plaintiff is seeking over $75,000 in damages..." (*Id.* at 1.)

There are several issues with Davis's complaint. Upon the Court's initial screening review, he fails to state a federal claim. Additionally, to the extent Davis could state a cognizable claim, the bulk of his claims appear to be filed outside of the applicable statute of limitations period. Most significantly, Davis's complaint suffers from a jurisdictional defect.

A federal district court may have jurisdiction where the amount in controversy exceeds $75,000 and there is diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). A plaintiff must have "citizenship which is diverse from that of every defendant." *Catepillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "It has long been the case that 'the jurisdiction of the court depends on the state of things at the time of the action brought.'" *Grupo Dataflux v. Global Group, L.P.*, 541 U.S. 567, 570 (2004). The citizenship of a person for diversity jurisdiction depends on where he is domiciled. "[F]ederal courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to incarceration." *Hardaway v. Nooth*, 2011 WL 7276958, n. 2 (D. Or. Oct. 6, 2011)(collecting cases).

As indicated above, at the time this action was filed, Davis was incarcerated in Missoula, Montana. Prior to his incarceration in conjunction with *US v. Davis*, Cause No. CR-22-106-BLG-DLC, Davis was domiciled in Montana. The two

3

named Defendants are domiciled in Billings, Montana. *See* (Doc. 1 at 1). Because Davis and the Defendants were all domiciled in Montana at the time Davis filed this action, the Court does not have diversity jurisdiction over the matter. The lack of jurisdiction cannot be cured by amendment. Accordingly, this action must be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Davis's complaint (Doc. 1) is DISMISSED with prejudice.

2. Davis's motion to proceed IFP (Doc. 9) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith. *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.

DATED this 11th day of April, 2024.

Susan P. Watters
United States District Court Judge